# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ANTONIO GONZALES,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 15-098-JHP-KEW |
| | ) |
| **JASON BRYANT, Warden,** | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus as barred by the statute of limitations. Petitioner, a pro se prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at James Crabtree Correctional Center in Helena, Oklahoma, attacks his conviction and sentence in Pittsburg County District Court Case Number CF-2010-160 for Assault and Battery with Deadly Weapon with Intent to Kill.

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that on September 1, 2010, Petitioner entered a plea of guilty, and his Judgment and Sentence was entered. He did not seek to timely withdraw his plea or seek a direct appeal to the Oklahoma Court of Criminal Appeals, so the conviction became final on September 11, 2010, ten days after entry of the Judgment and Sentence. *See* Rule 4.2, *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch.18, App.; Okla. Stat. tit. 22, § 1051. His statutory year began the next day on September 12, 2010. The deadline for filing this petition, therefore, was September 12, 2011, one year later. *See* 28 U.S.C. § 2244(d)(1) (A).

On July 14, 2011, Petitioner filed a motion for sentence modification pursuant to Okla. Stat. tit. 22, § 982(a), which was denied on July 20, 2011. These proceedings, however, did not toll the statute of limitations, because in Oklahoma, a motion for judicial review is not part of the appellate process. Motions for judicial review "seek discretionary review, their denial is not appealable, and they therefore do not constitute post-conviction proceedings for purposes of tolling the AEDPA limitations period." *Nicholson v. Higgins*, No. 05-7032, 147 Fed. Appx. 7, 8 n.2 (10th Cir. Aug. 2, 2005) (unpublished).

On April 3, 2012, Petitioner filed in the state district court a notice of intent to appeal his conviction out of time, and on November 19, 2012, he filed an application for post-conviction relief. Both of these requests for collateral relief, however, were filed after Petitioner's statute of limitations had expired, so there can be no tolling. *See Fisher v.*

2

*Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (holding that post-conviction applications filed after expiration of the statutory year have no tolling effect). Petitioner's habeas petition, filed on March 13, 2015, was untimely.

Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted). The court finds that Petitioner has not made this showing, so his petition is barred by the statute of limitations.

The court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**, the respondent's motion to dismiss Petitioner's petition as time barred (Dkt. 9) is GRANTED, and this action is, in all respects, DISMISSED. Furthermore, Petitioner is denied a certificate of appealability.

**IT IS SO ORDERED** this 16th day of March 2016.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma